| | |
|---|---|
| 1 | BUCHALTER LLP |
| 2 | PHILIP NULUD (SBN: 245147) |
|   |    Email: pnulud@buchalter.com |
| 3 | POOYA E. SOHI (SBN: 241574) |
|   |   Email: psohi@buchalter.com |
| 4 | ELAINE CHENG (SBN: 359685) |
|   |    Email: echeng@buchalter.com |
| 5 | 1000 Wilshire Boulevard, Suite 1500 |
| 6 | Los Angeles, CA  90017-1730 |
|   | Telephone: 213.891.0700 |
| 7 | Fax: 213.896.0400 |

1 BUCHALTER LLP
2 PHILIP NULUD (SBN: 245147)
   Email: pnulud@buchalter.com
3 POOYA E. SOHI (SBN: 241574)
   Email: psohi@buchalter.com
4 ELAINE CHENG (SBN: 359685)
   Email: echeng@buchalter.com
5 1000 Wilshire Boulevard, Suite 1500
6 Los Angeles, CA  90017-1730
  Telephone: 213.891.0700
7 Fax: 213.896.0400

8 Attorneys for Plaintiff
  MARTIN AUTO COLOR, INC.
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN AUTO COLOR, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN AUTO PAINT AND SUPPLIES INC., a California corporation <br><br> Defendant. | **COMPLAINT FOR:** <br><br> **(1) TRADEMARK INFRINGEMENT, 15 U.S.C. § 1125(a);** <br><br> **(2) COMMON LAW UNFAIR COMPETITION; AND** <br><br> **(3) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE, § 17200** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff MARTIN AUTO COLOR, INC., a California corporation ("Martin Auto Color" or "Plaintiff") brings this action against Defendant MARTIN AUTO PAINT AND SUPPLIES INC., a California corporation ("Martin Auto Paint" or "Defendant") to address Defendant's infringement of Martin Auto Color's intellectual property, specifically, its distinctive and original brand name. Martin Auto Color alleges as follows:

## PARTIES

1. Martin Auto Color is a corporation duly organized and existing under the laws of the state of California, with its principal place of business located at 618 San Fernando Road, San Fernando, California 91340.

2. Plaintiff is informed and believes and based thereon alleges that Defendant is a corporation duly organized and existing under the laws of the state of California, with its principal place of business located at 13100 Magnolia Ave, Corona, California 92879.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court arises under the provisions of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks). Subject matter jurisdiction over Martin Auto Color's related state and common law claims is proper pursuant to 28 U.S.C. § 1338 (action asserting claim for unfair competition joined with a substantial and related claim under trademark laws) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. This Court has personal jurisdiction over Martin Auto Paint because it conducts business in California, operates a retail store in this District and because the effects of their infringement and other harmful conduct occurred, and was felt, in California.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the claims and the harm suffered by

Martin Auto Color arose in this judicial district, and because Martin Auto Paint is subject to personal jurisdiction in this judicial district.

# FACTUAL ALLEGATIONS

### *Martin Auto Color and its Brand Name*

6. Since 2004, Martin Auto Color has used the trademark "Martin Auto Color" in commerce (the "Mark"), operating retail stores throughout California and specializing in the sale of automotive paint, coatings, refinishing materials, and related supplies to consumers and auto body shops.

7. Over more than two decades, Martin Auto Color has expanded its operations to multiple retail locations across California, including locations serving customers proximate to Corona and San Bernardino. With over 30 stores across California, Martin Auto Color has garnered good will and recognition in its industry.

8. Martin Auto Color has developed a reputation in the automotive paint industry for reliable product and consistent quality, resulting in strong repeat business and long-standing customer relationships.

9. Having invested significant sums in continuous and longstanding promotion of its brand through the expansion of stores, Martin Auto Color's success is directly tied to the goodwill associated with its trade name and brand identity.

### *Defendant's Formation of a Competing Business and Use of Confusingly Similar Name*

10. In or about 2024, Defendant formed Martin Auto Paint & Supplies Inc. and opened a retail automotive paint store located in Corona, California.

11. Defendant's business operates in the exact same industry, offers the same core services, and targets the same class of consumers as Martin Auto Color. The automotive paint retail market is specialized and relationship-driven, with customers frequently returning to the same retailer based on trust, product familiarity, and quality.

//

12. Defendant selected "Martin Auto Paint" (the "Infringing Mark") as its business name, a name that is confusingly similar in appearance, sound, meaning, and commercial impression to "Martin Auto Color." Accordingly, Defendant's brand name infringes upon Martin Auto Color's Mark.

13. Defendant's addition of "Paint and Supplies" for its brand name "Martin Auto Paint & Supplies" does not distinguish Defendant's name from Martin Auto Color's brand, but instead reinforces consumer confusion by describing the exact kind of service Martin Auto Color provides.

14. A Google search for "Martin Auto Paint and Supplies" returns images primarily of Plaintiff's brand and Mark, as follows:



15. Further, Google Reviews for "Martin Auto Paint and Supplies Inc." provides automatic links to Martin Auto Color instead:

//

//

[Screenshot of Google search results showing "Martin Auto Paint and Supplies Inc." (5.0 stars, 4 reviews, Auto painting) with "More Google reviews" and "Rate and Review on Google" sections, followed by two circled results for "Martin Auto Color" at https://martinautocolor.com — "PPG Platinum Automotive Paint Distibutor California,..." describing Martin Auto Color as providing the finest automotive and fleet refinishing supplies, and "Martin Auto Color - Locations" describing it as the largest paint distributor in California, a PPG Platinum Distributor.]

16. Upon information and belief, consumers encountering Defendant's business reasonably believe that Defendant's store is affiliated with, sponsored by, or otherwise connected to Martin Auto Color.

17. The likelihood of confusion is exacerbated by the identity of services, overlap in geographic markets and conflation of customer base.

18. Upon information and belief, Defendant's Infringing Mark diverts customers who are searching for Martin Auto Color instead. Defendant's actions further disrupts Martin Auto Color's business relationships and undermines Martin Auto Color's ability to control its reputation.

## FIRST CAUSE OF ACTION

### Trademark Infringement – 15 U.S.C. § 1125(a)

19. Martin Auto Color hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

//

20. Defendant's actions constitute trademark infringement of Martin Auto Color's trademark. Defendant's actions have created and will continue to create, unless enjoined by this Court, a likelihood of confusion or mistake or deception of purchasers as to the source of origin of such goods to the irreparable injury of Martin Auto Color. Martin Auto Color has no adequate remedy at law for this injury. Purchasers are likely to purchase Defendant's products believing the products to be associated with Martin Auto Color, thereby resulting in a loss of sales to Martin Auto Color.

21. Through Martin Auto Color's long, continuous, and extensive use of the Mark in various geographical locations, Martin Auto Color's Mark has acquired secondary meaning.

22. On information and belief, Defendant has acted with knowledge of Martin Auto Color's use of, and statutory and common law rights in, the Mark, and did so with a knowing disregard of the likelihood of confusion created by Defendant's activities.

23. Defendant is not now, and never has been, authorized by Martin Auto Color to use its trademark in connection with the marketing and/or sale of Defendant's goods.

24. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Martin Auto Color's Mark and brand to cause irreparable injury to Martin Auto Color.

25. As a result of Defendant's actions, Martin Auto Color has been damaged in an amount not yet determined or ascertainable. Accordingly, Martin Auto Color is entitled to injunctive relief, Defendant's profits, Martin Auto Color's actual damages, and reasonable attorney's fees and costs. Further, in light of Defendant's deliberate and malicious use of confusingly similar name and the need to deter Defendant from engaging in similar conduct in the future, Martin Auto Color is additionally entitled to punitive damages.

## SECOND CAUSE OF ACTION

### Unfair Competition

26. Martin Auto Color hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

27. Defendant's acts, including the unlawful use and imitation of Martin Auto Color's Mark in connection with the sale and supply of automotive paint, constitute infringement, copying, imitation, and misappropriation of Martin Auto Color's intellectual property, unjust enrichment of Defendant, and unfair competition with Martin Auto Color in violation of Martin Auto Color's rights under the common law of the State of California.

28. As a direct and proximate result of Defendant's wrongful acts, Martin Auto Color has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Martin Auto Color's Mark and will cause irreparable damage to Martin Auto Color.

29. Martin Auto Color has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them from engaging in further acts of unfair competition.

30. Martin Auto Color is further entitled to recover damages it sustained as a result of Defendant's wrongful acts. Martin Auto Color is presently unable to ascertain the full extent of monetary damages it has suffered by reason of Defendant's acts of unfair competition.

31. Martin Auto Color is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts. Martin Auto Color is presently unable to ascertain the full extent of the gains, profits, and advantages Defendant has realized by reason of its acts of unfair competition.

32. Defendant has engaged in such misconduct with a conscious, deliberate, intentional, and/or reckless disregard of the rights of Martin Auto Color and the public.

BUCHALTER LLP
LOS ANGELES

33. Martin Auto Color is therefore entitled to punitive damages to deter Defendant and others from again engaging in such misconduct in amounts to be established according to proof.

### THIRD CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code, §§ 17200, *et seq.*

34. Martin Auto Color hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

35. Defendant provides, markets, and sells products within the jurisdiction of the State of California. As such, Defendant is obligated to comply with the California statutes prohibiting unfair and deceptive business practices under California Business & Professions Code section 17200, *et seq.*

36. Defendant's acts, including the unlawful use and infringement of Martin Auto Color's Mark in connection with the manufacturing, advertisement, and sale of products, constitute an unlawful, unfair, and/or fraudulent business act or practice, and unfair, deceptive, untrue, or misleading advertising, in violation of California Business and Professions Code section 17200, *et seq.*

37. Defendant's infringement of Martin Auto Color's Mark violates the Lanham Act, and Defendant's trading upon Martin Auto Color's goodwill and reputation constitute unfair and unlawful business practices under California Business & Professions Code section 17200, *et seq.*

38. As a result of Defendant's wrongful conduct, Martin Auto Color has suffered injuries in fact, and seeks an order to enjoin Defendant from further unfair business practices in the State of California as well as restitution of any monies wrongly acquired by Defendant as a result of such unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, Martin Auto Color prays for judgment in its favor and against Defendant as follows:

1. Finding that Defendant has violated 15 U.S.C. § 1125(a) and the

common law, infringed Martin Auto Color's Mark, unfairly competed with Martin Auto Color by falsely designating the origin of Defendant's products, and has engaged in other acts of unfair competition;

2. Ordering that Defendant and its officers, agents, servants, employees, and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

    a. Offering for sale, soliciting sales, or selling any products bearing a confusingly similar name to Martin Auto Color's Mark;

    b. Using false designations or engaging in any act or series of acts which, either alone or in combination, constitute deceptive or unfair methods of competition with Martin Auto Color and from otherwise interfering with, or injuring Martin Auto Color or the goodwill associated therewith;

    c. Infringing upon Martin Auto Color's Mark; and

    d. Unfairly competing with Martin Auto Color in any manner whatsoever;

3. Ordering that Defendant deliver to Martin Auto Color for destruction all products and advertisements, and any promotional material that features the Infringing Mark;

4. Ordering that Defendant account to Martin Auto Color for, and disgorge and return of, all profits and any monies Defendant has derived by reason of the wrongful acts described above;

5. Granting an award of damages suffered by Martin Auto Color according to proof at the time of trial herein, and an accounting of Defendant's profits as a result of Defendant's aforementioned acts of infringement;

6. Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. § 1117 and punitive damages in an amount to be established at trial;

7. Ordering that Defendant pay Martin Auto Color's reasonable attorneys' fees, prejudgment interest, and costs of this action pursuant to 15 U.S.C. § 1117, and any further relief as this Court may deem just or proper;

8. Awarding Martin Auto Color its actual losses, the value of Defendant's unjust enrichment, and/or a royalty;

9. For attorneys' fees and costs, including expert fees;

10. For exemplary damages; and

11. For any such other and further relief as the court deems necessary.

DATED: January 16, 2026              BUCHALTER LLP

                                     By: _____
                                         PHILIP NULUD
                                         POOYA E. SOHI
                                         ELAINE CHENG
                                         Attorneys for Plaintiff
                                         MARTIN AUTO COLOR, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Martin Auto Color demands a trial by jury in this action of all issues so triable.

DATED: January 16, 2026            BUCHALTER LLP

By: _____
PHILIP NULUD
POOYA E. SOHI
ELAINE CHENG
Attorneys for Plaintiff
MARTIN AUTO COLOR, INC.